## SOUTHWESTERN PORTLAND CEMENT CO. v. O. D. HAVARD CO.

(Court of Civil Appeals of Texas. El Paso. March 27, 1913. On Rehearing, April 17, 1913.)

1. SALES (§ 168½*)—SALE ON TRIAL—TIME FOR RETURN.

Where articles are sold on 30 days' trial, they if not satisfactory at the end of such time to be returned by the purchaser, time is of the essence of the contract as regards the right to return them; so that he, having retained and used them beyond such time, loses the right to return them, and is liable for the price.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 409–421; Dec. Dig. § 168½.*]

2. SALES (§ 355*) — SPECIAL DEFENSES — WAIVER.

One sued for the price of articles cannot avoid the time limitation contained in the contract, and pleaded by plaintiff, of 30 days in which to try them and return them if not satisfactory, by showing a waiver thereof, unless he pleads the waiver.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1025–1043; Dec. Dig. § 355.*]

## On Rehearing.

3. JUSTICES OF THE PEACE (§ 92*)—PLEADING—SPECIAL DEFENSE.

Even in a justice court, defendant, relying on a special defense as waiver of a provision of the contract sued on, must in some way raise it by his pleadings.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 324, 325; Dec. Dig. § 92.*]

4. APPEAL AND ERROR (§ 512*)—INTERMEDIATE COURT—RECORD.

If defendant in the county court amended his pleadings so as to raise issues not raised by his pleadings in the justice's court, the record should in some way affirmatively show this.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2326; Dec. Dig. § 512.*]

Appeal from El Paso County Court; Albert S. Eylar, Judge.

Action by the O. D. Havard Company against the Southwestern Portland Cement Company. From a judgment for plaintiff, on appeal from a Justice Court, defendant appeals. Affirmed.

Burges & Burges, of El Paso, for appellant. John L. Dyer and C. W. Croom, both of El Paso, for appellee.

HIGGINS, J. Appellee instituted this suit originally in the justice court, for the recovery of $152 alleged to be due as the purchase price of two coal meters sold and delivered to the appellant. The trial there resulted in a judgment in favor of appellee. The cause was appealed to the county court, where it was tried before the court without the intervention of a jury, and judgment in appellee's favor was rendered for like amount.

On April 15, 1910, appellant purchased four coal meters from the appellee, but after using same for a time they proved unsatisfactory and were returned to the appellee about October 24, 1910. Thereupon appellee wrote appellant, suggesting that they be permitted to rebuild one of the meters "and return it to you on thirty days' trial for the same price as the original. If it is not satisfactory at the end of that time, you can return it at our expense. However, if it is, and you desire the other three, we will rebuild them under the same conditions." In reply to this suggestion appellant advised they would be glad to have one of the meters rebuilt and returned and they would give it a fair trial, and in reply appellee advised that as soon as the returned meters reached them they would have same corrected and "return one to you immediately for thirty days' trial." The reconstructed meter was received by appellant on or about January 1, 1911, and on March 16th thereafter appellant advised the appellee that the meter seemed to be working very good and looked as though it would be a success; that it would be a great help if they had another meter, wherefore they requested that they

send another one "to operate with this one on trial." The second meter was shipped and received by appellant about April 1, 1911. On September 21, 1911, appellant returned the meters, claiming that they were worthless for the purpose for which they were intended.

[1] In his findings of fact and conclusions of law the trial court found that the appellant gave the meters a fair trial and did not retain them an unreasonable length of time for such purpose; that after giving them a fair and full test the meters failed to measure coal with sufficient accuracy to be of any value, and were worthless for the purpose for which they were intended. But that with respect to the right of the appellant to return the meters after a trial, the time of trial was limited to 30 days, and as respects this limitation, time was of the essence of the contract, and by delay appellant had lost its right to return the meters and was therefore liable for the purchase price.

We concur in the conclusion of the trial court that time was of the essence of the contract as respects the right of appellant to return the meters, and having retained and used the same beyond the time specified in the contract, and granted, within which to test the same, the right to return was lost and appellant became liable for the purchase price.

[2] But it is insisted that, if this be a correct interpretation of the contract, the evidence discloses a waiver by appellee of this limitation. It is unnecessary for us to examine the evidence to ascertain whether or not this contention is well founded. If there was a waiver it would not be available without having been pleaded, since it would be in avoidance of the time limitation pleaded by appellee. In the absence of a plea of waiver, evidence thereof, however introduced, is not available as a defense. Ginners, etc., v. Wiley & House, 147 S. W. 629, and cases there cited.

Affirmed.

## On Rehearing.

It is earnestly insisted that we erred in holding the evidence of waiver relied upon by appellant was not available because not pleaded.

We assumed that there was no plea of waiver, and predicated this assumption upon the fact that the transcript of the record from the justice court contains a full and complete notation of the defensive matter pleaded by appellant, and nothing therein contained would indicate that a waiver was pleaded.

[3, 4] It is, of course, true that pleadings in the justice court being oral are necessarily informal in their nature, and a very wide latitude is observed in favor of the sufficiency of such pleading. But notwithstanding this liberality which is indulged in their favor, it does not entirely dispense with the necessity of pleadings. And if the defendant relies upon a special defense he must in some way raise it by his pleadings, and the appellant having noted the substance of his pleadings upon the justice court docket, and the same wholly failing to raise any issue of a waiver, we must hold that in that court at least there was no plea of waiver upon which any such defense could be predicated. He could amend his pleading in the county court and could there plead orally, but there is no affirmative showing here that the case in the county court was tried upon any pleadings other than those in the justice court, unless it be inferentially shown by the findings of fact and conclusions of law of the trial court, wherein he passes upon the question of waiver. It occurs to us that if the appellant amended his pleadings in the county court so as to raise issues not raised by the pleadings in the justice court, the record should in some way affirmatively show the new issues raised by the amendment.

But we have waived these considerations in the instant case, and have, upon the rehearing, examined the evidence relied upon, and have reached the conclusion that the trial court correctly held there was no waiver upon the part of appellee of the provisions of the contract of sale which limited to 30 days appellant's right to return the meters.

The motion for rehearing is therefore overruled.