SIMMONS et al. v. LEMONS. (No. 10418.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 3, 1923. Rehearing Denied Dec. 8, 1923.)

**1. Deeds ⊘➡196(2)—Burden on vendor to show fraudulent representations as to notes received as part of price.**

In an action to set aside a conveyance on the ground that lien notes received by vendor as part of the purchase price were falsely represented to be first lien notes, the burden was on vendor to show that there was a valid outstanding lien against the property which operated as a lien prior to the lien notes held by him.

**2. Deeds ⊘➡211(3)—Finding that notes received by vendor in sale of land were not first lien notes sustained.**

In·an action to set aside a conveyance on the ground that the lien notes received by vendor as part of the purchase price were falsely represented to be first lien notes, evidence *held* to warrant a finding that notes received by vendor were subsequent in point of time and effect to notes held by other parties on the land securing the notes, and that such land ,was less in value than .the amount represented by such notes.

**3. Cancellation of instruments ⊘➡30—Vendor entitled to rescind conveyance as against third person not' a purchaser in good faith.**

In an action to set aside a conveyance on the ground of fraud, in which the grantee had conveyed the property to a third person, grantor was entitled to recover where the evidence showed that such third person was not a purchaser in good faith and without notice as claimed by him.

**4. Witnesses ⊘➡379(2)—Testimony held admissible as original evidence, regardless of tendency to impeach other witness.**

In an action to set aside a conveyance on the ground that lien notes received by vendor as part of the purchase price were falsely represented to be first lien notes, where the agent who negotiated the sale was made a witness for vendor, and denied that he had represented to vendor that the notes were first liens, testimony of a witness that agent had represented the notes to be first liens to her prior to the transaction with vendor was admissible as original evidence, regardless of its tendency to impeach the testimony of agent.

**5. Evidence ⊘➡157(2)—Oral testimony admissible to show when notes forming part of purchase price of land transferred to vendor.**

In an action to set aside a conveyance on the ground that the lien notes received by vendor as part of the purchase price were falsely represented to be first lien notes, the court did not err in admitting oral testimony that the notes transferred to vendor were represented to be first liens, where there was no written record of the transfer to vendor, and it could be ascertained from the notes themselves that they were executed subsequently to other notes which constituted a first lien on the land.

**6. Appeal and error ⊘➡1051(2)—Admitted testimony held not to call for reversal if erroneous.**

In an action to set aside a conveyance on the ground that the lien notes received by vendor as part of the purchase price were falsely represented to be first lien notes, where the undisputed evidence showed that the notes transferred to vendor were not first lien notes, the fact that a witness so testified from an examination of the abstract of title to the land securing the notes transferred to vendor would be insufficient to call for a reversal, even if erroneous.

**7. Cancellation of instruments ⊘➡23—Vendor of rescinded conveyance not required to return purchase price, where judgment of court restores status quo.**

In an action to set aside a conveyance on the ground of fraud, that vendor did not tender the unpaid purchase money due upon his land at the time he traded and which had been assumed by purchaser was immaterial, where the judgment of the court relieved purchaser of the obligation ·thus assumed and imposed the burden of that payment upon the vendor.

Appeal from District Court, Clay County; H. R. Wilson, Judge.

Action by John L. Lemons against George F. Simmons and others. Judgment for plaintiff, and defendants appeal. Affirmed.

H. M. Muse, of Henrietta, and Benson & Benson, of Bowie, for appellants.

Stine & Stine, and Frank Holaday, all of Henrietta, for appellee.

CONNER, C. J. John L. Lemons instituted this suit against George F. Simmons,·W. T. Nichols, Jr., and W. I. Boyd, alleging, in substance, that he had conveyed a certain tract of land situated in Jack county, Tex., to said Simmons, for which he received $100 in cash and $800 in vendor's lien notes, given for another and different tract of land described in the petition. He charged that Nichols, acting as the agent of Simmons, and Simmons, in person, represented that the notes mentioned constituted first liens

---

upon the property for which they had been given, but that in fact and in truth such representations were false and fraudulent; that said notes in fact were subject to prior vendor's lien notes aggregating $2,000, which was in excess of the value of the land upon which both series of notes had been given; that the plaintiff had relied upon such representations and had thereby been induced to make the transfer stated; that after such transfer Nichols, Simmons, and Boyd conspired together to defeat plaintiff of his rights, and in furtherance of such conspiracy Simmons conveyed to Boyd the land that had been conveyed by plaintiff to Simmons. It was charged that Boyd had full knowledge of the fraudulent representations that had been made by Nichols and Simmons in the acquisition of the land.

Plaintiff tendered into court the $100 in cash, and the $800 in notes that had been received by him, and prayed for a cancellation of the deeds to Simmons and from Simmons to Boyd.

The defendants answered, so far as necessary to notice, by a general denial, and Boyd specially answered and alleged that he was a purchaser from Simmons of the land conveyed to him by plaintiff for value, and without notice of the alleged fraudulent representations.

The cause was submitted to a jury upon special issues, which, together with the answers of the jury thereto, were as follows:

"No. 1. Did the defendants Nichols or Simmons, or either of them, represent to the plaintiff prior to or at the time of the transaction in controversy that the $800 of notes sold to the plaintiff were a first lien upon the land in question? Ans. Yes.

"No. 2. If you answer the foregoing issue 'No,' then you need not answer any further herein, but if you answer 'Yes,' then state whether or not such representations were false? Ans. Yes.

"No. 3. If you answer both of the above issues 'Yes,' then did the plaintiff rely and act upon such representations as being true? Ans. Yes.

"No. 4. If your answer to the three foregoing issues is 'Yes,' then was the plaintiff induced by such representations, in whole or in part, to exchange his property, described in his petition, for the $800 of notes in question? Ans. Yes.

"No. 5. In the transaction in controversy was the defendant Nichols the agent of the defendant Simmons and acting for said Simmons in making said trade? Ans. Yes.

"No. 6. Did the defendant W. I. Boyd have knowledge of the fraud, if any, alleged and claimed by plaintiff, at the time the said Boyd purchased said land from the defendant Simmons? Ans. Yes.

"No. 7. What was the reasonable market value of the 160 acres of land in question on January 3, 1922? Ans. $1,600."

Upon a verdict so rendered, the decree of the court was in accordance with the pray-er of the plaintiff, and the defendants have appealed.

The appellee has presented objections to the brief of appellants, and we will pause long enough to say that more than one of said objections would seem to be well taken. The most pronounced failure to observe the rules is perhaps based upon the fact that appellants, in making their statements under assignments and propositions discussed, fail to either quote literally from the record or refer us to the pages of the transcript or statement of facts, as the case may be, where we may find the matter, the substance of which perhaps is stated, together with the argument and inferences of counsel arising thereon. However, appellants' principal contention is to the effect that the evidence fails to support the findings of the jury and the judgment thereon.

[1] It is undoubtedly true, as a matter of law, that the burden was upon the plaintiff to show—

"That there was in fact a valid, subsisting, and outstanding prior lien against the property and premises, which operated as a lien prior to the lien held by the plaintiff."

As to this, appellants in their brief say:

"The plaintiff's counsel undertook to prove this fact by the conclusion of witnesses who had examined into, or who were supposed to have examined into, the condition of the title to this property, and without reviewing this testimony at length, in order to show that the same does not prove that fact in the specific and definite manner as required, in such cases, we submit the record as a whole as failing to prove by a preponderance of the evidence that there was in fact a series of notes outstanding which operated as a first lien," etc.

[2] But such examination of the evidence and of the brief, as we have been able to give, leaves no doubt in our minds but that the evidence fully warranted the verdict of the jury on this point. The appellee introduced in evidence five vendor's lien notes covering the same land that secured the notes given to him by defendants. These notes constitute a series, each for the sum of $400, aggregating in all $2,000. It appears that these notes were owned by several parties to whom they had been transferred by the payee, and these several owners testified to the fact that they were outstanding and unpaid. Mr. W. E. Benson testified that he held some of these notes for the defendant Nichols, and that nothing had been paid on them. L. D. Moore testified that he held one of these notes for his mother-in-law, and nothing had been paid thereon. Mrs. K. C. Allen testified that she owned two of these notes, and had turned them over and delivered them to D. P. Miller for collection, and nothing had been paid on them. D. P. Miller testified to the same effect as Mrs. Allen. There was other testimony that

would warrant the inference that the land securing these series of notes was in value less than $2,000, and there seems to be no contention but what this series was prior in point of time and effect to the series of notes traded to appellee for his land.

[3] The next contention is that "the. evidence is insufficient to show any right of recovery as against the defendant W. I. Boyd." We think, however, that this contention must likewise be overruled. The evidence tends to show that Simmons, Nichols, and Boyd occupied offices in the same building; that Simmons and Boyd previous to the present controversy had traded or sold the notes traded to plaintiff to a Mrs. Mary Redden, who thereafter complained that they had been misrepresented to her as first vendor's lien notes, whereas in fact they were second vendor's liens on the ·land securing the same; that the conveyance to Mrs. Redden was later canceled, and that when they had been conveyed to appellee he gave them to defendant Boyd for collection; that the defendant Nichols officed in the bank with Boyd, and that his trade for the land from Simmons was through the defendant Nichols. There appears also to have been a very distinct conflict in the testimony of Simmons and Boyd as to what constituted the consideration for the conveyance of the land to the latter. So that we do not feel at liberty to set aside the verdict of the jury to the effect that Boyd was not a purchaser in good faith and without notice as claimed by him.

[4] There is a further complaint that the court erred in permitting the plaintiff to call the defendant Nichols to the stand and impeach him, after having made him his own witness. · Nichols testified that he negotiated the trade with the appellee for Simmons, but denied that he had represented them to be first lien notes; that "he traded these same notes to Mrs. Mary Redden, a widow living near Bellevue, some month or six weeks prior to the time that he traded them to Lemons, but that he never told her whether they were first or second lien notes." The appellee later placed Mrs. Redden upon the stand and proved by her that at the time of the transaction of the notes to her "Mr. Nichols represented to her that they were first· lien notes."

We think this testimony was admissible as original evidence, regardless of the question of whether its tendency was also to impeach witness Nichols.

[5] Complaint is further made of the oral testimony in support of the allegations relating to the representations that the notes transferred to the appellee for his·land were first lien notes. Appellant does not refer us to any paper or statement of facts where may be found a record transfer, if any, of the notes in question to appellee. Nor in our examination of the statement of facts do we find any such written instrument. There are copies of two several series of notes involved in the controversy. The series of notes transferred to appellee contains no recitation of the effect asserted in the matter we have quoted. The date of these notes, however, is given, from which it appears that they were executed some ten months subsequent to the execution of the series of outstanding notes of $400 each.

[6, 7] In view of the undisputed character of the evidence supporting the jury's verdict, to the effect that the outstanding series of $400 notes were a first lien, the objection that the witness Frank Holaday so testified from an examination of the abstract of title to the land securing the series of notes transferred to appellee does not call for a reversal of the judgment, even if erroneous, and the objection that appellee did not tender the $500 of the unpaid purchase money due upon his land at the time he traded, and which had been assumed by the defendant Simmons, is wholly immaterial, in view of the judgment of the court, which relieves Simmons of the obligation then assumed, and imposes the burden of that payment upon appellee.

We conclude that no reversible error has been presented, and the judgment should be affirmed.