### ATNIP v. HINKLE et al. (No. 10476.)

(Court of Civil Appeals of Texas. Fort Worth. Jan. 5, 1924.)

1. **Justices of the peace ⟐174(3)—Rules of pleading in justice's court apply, though parties may replead on appeal.**

Rules of pleading applicable to cases originating in the justice's court apply, even though the parties may replead in the county court on appeal.

2. **Justices of the peace ⟐174(2½)—Pleadings in justice's court should be written or evidenced by notations on docket.**

Pleadings either oral or written, being necessary in justice's courts, evidence thereof indicating their import should be presented on appeal, either by written pleadings or a notation on the justice's docket pursuant to Vernon's Sayle's Ann. Civ. St. 1914, art. 2326.

3. **Executors and administrators ⟐455—Judgment for executrix because claim not filed within required time held erroneous.**

On appeal from the county court on a cause of action originating in the justice's court against an administratrix, for services rendered the estate, where the justice's docket contained no notation of any plea by either party, and where plaintiff's pleadings in the county court did not affirmatively show that the contract sued upon was one which the executrix was not authorized to make under Vernon's Sayles' Ann. Civ. St. 1914, art. 3350, for the preservation of the estate, held, that a judgment for defendant on exception to plaintiff's pleadings, on the ground that plaintiff had not filed his claim as required by articles 3442, 3499, was erroneous.

Appeal from Clay County Court; R. Loftin, Judge.

Action by A. G. Atnip against I. B. Hinkle and C. B. Jackson, as administratrix of the estate of J. S. Jackson, deceased. From judgment for defendants in the county court on appeal from justice court, plaintiff appeals. Reversed and remanded.

J. P. Williams, of Petrolia, H. M. Muse, of Henrietta, and C. O. Taylor, of Wichita Falls, for appellant.

Stine & Stine, of Henrietta, for appellees.

CONNER, C. J. This suit was instituted in a justice court by A. G. Atnip against I. B. Hinkle and Mrs. C. B. Jackson, as administratrix of the estate of J. S. Jackson, deceased, to recover the sum of $191.25 "for labor performed by the plaintiff for the defendants * * * and for wrongful discharge while plaintiff was endeavoring to procure employment." The trial in the justice court resulted in favor of the plaintiff for the sum stated, and the defendants appealed to the county court.

Upon the call of the case in the county court, the defendants, as recited in the county court's judgment, presented "an exception to plaintiff's petition and pleading made to the jury for the reason that the same did not allege that the plaintiff's claim had been presented to the administratrix of the estate of J. S. Jackson, deceased, and the same rejected before the suit was filed." The judgment further recites that upon the hearing of the exception it was sustained, and the plaintiff's case was accordingly dismissed, from which judgment the plaintiff Atnip has appealed.

We have presented for consideration a single assignment only, which thus reads:

"The court erred in sustaining the defendants' demurrer to the plaintiff's pleading, wherein said defendant demurred to the failure of the plaintiff in not having presented his said claim to the administratrix of the estate of J. S. Jackson, deceased, for her approval or disallowance for the reason that said plaintiff was not required to present said claim for approval or disallowance under article 3455, Vernon's Sayles' 1914 Civil Statutes."

The record is not in a condition to enable us to very satisfactorily dispose of the appeal. There is no pleading contained in the transcript of either the plaintiff or the defendants, except a pleading by the plaintiff entitled "a trial amendment," to the effect that he—

"did not present his said claim for labor performed under and by virtue of a certain con-

tract entered into, nor for damages by reason of the breach of the same, by and between the plaintiff and the defendants I. B. Hinkle and Mrs. C. B. Jackson, administratrix of the estate of J. S. Jackson, deceased, as provided for in articles 3499 and 3442, Vernon's Sayles' 1914 Civil Statutes, because said contract was entered into by and between the administratrix of the estate of J. S. Jackson, deceased, and the plaintiff herein after letters of administration had been granted, as provided for in article 3455, Vernon's Sayles' 1914 Civil Statutes, which does not require the presentation of claims which accrue against the estate after the granting of said letters, which said contract was, in this case, entered into long after the contract was made."

Article 2326, Rev. Statutes, provides that:

"The pleadings in the justices' courts shall be oral, except where otherwise specially provided; but a brief statement thereof may be noted on the docket."

[1-3] Our Supreme Court, in the case of H. & T. C. Ry. Co. v. Southern Cement Co., 112 Tex. 139, 245 S. W. 644, holds that the rules of pleading applicable to cases originating in justice courts apply, even though the parties may replead in the county court on appeal. Pleadings in some form, either written or oral, are necessary in justice courts as well as in other courts, and evidence thereof, at least enough to indicate their import, should be presented either by written pleadings or by a notation on the justice docket. In the case before us, the justice docket is without a notation of any plea by either party, and all of the material issues involved do not appear in the transcript of the county court's proceedings. We cannot therefore say that the plaintiff's pleadings affirmatively show that the contract made by Mrs. C. B. Jackson as administratrix was one which, under the operation of our probate laws, she was not authorized to make save upon the order of the probate court, as was the case in Caldwell v. Young & Morgan, 21 Tex. 800, and other cases of like import. For aught that appears in the record before us, the labor for which she contracted was reasonably necessary in the care and preservation of the property of the intestate, which it was her duty to preserve, under article 3350, Rev. Statutes, and which therefore she could lawfully contract without a previous order from the probate court. If so, the claim of the laborer would come fairly within the purview of article 3455 of the statutes, which expressly provides that the general provisions of the chapter respecting the presentation of claims are not to be construed as applying "to any claim that accrues against the estate after the granting of letters testamentary or of administration for which the executor or administrator has contracted."

As increasing the difficulty of sustaining the judgment of the court below, we will add that the record shows that the case was submitted to the court upon the following statement of facts, duly signed and approved by counsel for both plaintiff and defendants and the trial judge, to wit:

"Plaintiff, A. G. Atnip, was employed by I. B. Hinkle and Mrs. C. B. Jackson, as administratrix of the estate of J. S. Jackson, deceased, on or about the 10th day of November, A. D. 1921, to perform certain labor upon an oil and gas lease situated in Clay county, Tex.; that thereafter on the 28th day of December, A. D. 1921, the defendants discharged plaintiff; that this claim for labor performed ($150) and damages ($41.25) by reason of breach of said contract was filed as a suit, and no claim was presented to the administratrix for such; that the administratrix contracted directly with the plaintiff to perform said labor, and the same was done after letters of administration had been granted and were on file in Harris county, Tex., where said will was probated and letters granted."

It thus appears that the case was heard upon its merits, regardless of defendants' objection to the plaintiff's pleadings, and nothing in the evidence as presented shows that the administratrix's contract with the plaintiff for labor was one that she was not authorized to make. Moreover, it affirmatively appears that I. B. Hinkle, one of the defendants, employed the plaintiff, and as to him there is neither exception nor evidence which calls in question the plaintiff's right to a judgment in his favor.

We accordingly conclude that the judgment below must be reversed, and the cause remanded.