**HINKLE et al. v. COPELAND.    (No. 11731.)**

Court of Civil Appeals of Texas.    Fort Worth.
March 19, 1927.

Rehearing Denied April 16, 1927.

1. **Justices of the peace ⟨Key⟩183(1)—Evidence being insufficient to show otherwise, presumption is that transcript from justice court was in county court at time default was entered.**

Evidence being insufficient to show the contrary, presumption from judgment and record is that transcript from justice court, from which case was appealed, was present in county court at time default was entered and that county court's appellate jurisdiction attached.

2. **Appeal and error ⟨Key⟩301—Assignment of error that special judge was not properly appointed, not being mentioned in motion for new trial, cannot be reviewed (Rev. St. 1925, arts. 1931, 1933).**

Assignment of error that special judge who tried case on appeal from judgment of justice court had not been properly appointed, in view of Rev. St. 1925, arts. 1931, 1933, not being based on any ground presented in motion for new trial, cannot be reviewed.

3. **Stipulations ⟨Key⟩14(5)—Refusal to vacate default because of oral stipulation that case be governed by judgment and mandate of another case appealed held proper (district and county court rule 47; Rev. St. 1925, arts. 1865, 1867).**

Under district and county court rule 47, providing that no agreement between attorneys or parties touching suit will be enforced, unless in writing, signed and filed as part of record, or unless made in open court and entered of record, it was not error to refuse to set aside default judgment because of alleged oral stipulation, in view of Rev. St. 1925, arts. 1865, 1867, that cases pending should abide and be governed by judgment and mandate of another case against same defendants, which was appealed to the Court of Civil Appeals and which was not entered of record in case appealed therein.

4. **Stipulations ⟨Key⟩14(5)—Entry of default held proper, under facts and stipulation, to abide result of other case.**

Where it was orally stipulated that suits appealed from judgment for defendants in the justice court were to abide judgment and mandate of the Court of Civil Appeals on appeal of one of suits after judgment adverse to plaintiff therein in county court, and after judgment was reversed and case remanded by the Court of Civil Appeals, the remaining suits were set down for trial but continued because of absence of one defendant, entry of default in present suit *held* proper, where plaintiff under facts was under no duty of longer delaying prosecution thereof.

Appeal from Clay County Court.

Action by Jumbo Copeland against I. B. Hinkle and another.    From an order denying defendants' motion to set aside a default judgment for plaintiff in the county court,

on appeal from judgment for defendants in the justice court, defendants appeal.    Affirmed.

W. G. Eustis, of Henrietta, for appellants.
Taylor, Muse & Taylor, of Wichita Falls, for appellee.

CONNER, C. J.    This is an appeal from an order of the county .court of Clay County overruling a motion in behalf of I. B. Hinkle and Mrs. C. B. Jackson, administratrix of the estate of C. B. Jackson, deceased, to set aside a judgment in favor of Jumbo Copeland entered at the February term, 1926, against appellants for $200, costs of suit, etc. The judgment is designated by appellants as a judgment by default, and the prayer is that the judgment shall be set aside and a new trial granted.    The judgment referred to is in regular form and purports to have been entered on the 8th day of April, 1922.    As disclosed by the record, no appeal was ever prosecuted, and the evidence upon which it is founded is not before us.

In the motion to set the judgment aside, it is alleged, in substance, that at the time of its rendition the case of Jumbo Copeland against appellants was one of ten similar cases that had been tried in a justice court and rendered in favor of appellants, and by the several plaintiffs appealed to the county court.    That among the cases so appealed was the case of one A. G. Atnip v. I. B. Hinkle and C. B. Jackson, which was tried and judgment again rendered in favor of appellants; that from said judgment of the county court last referred to, an appeal was duly prosecuted by A. G. Atnip to this court (258 S. W. 860); that in all of the cases referred to the same counsel represented the several plaintiffs and that an opposing counsel represented appellants; that during the trial of the Atnip Case it was agreed between the several counsel in open court that all the cases, other than that of Atnip, against appellant should be passed without trial and abide by the determination of the case of Atnip against appellants.

It is further alleged that on January 25, 1924, this court entered its judgment reversing the judgment of the county court against Atnip and remanding the cause for a new trial; that neither party has ever caused the issuance of the mandate of this court returnable to the county court as provided by law. It was further alleged that the remaining nine suits remained on the docket of the county court, and that the judge of said court, being "disqualified," on February 5, 1926, without any notice to defendants, "wired his disqualification to the Governor."

Appellants in the present appeal based their prayer for a reversal of the order of the court overruling their motion to set aside the judgment of the county court, rendered

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in appellee's favor, on three propositions, to wit: (1) The agreement of counsel in the Atnip Case that the remaining nine suits referred to should not be tried until the mandate and judgment of this court should be returned to the county court, and that said remaining nine cases should abide and be governed by the judgment and mandate in the Atnip Case. (2) That no notice by wire or certificate of disqualification of the county judge was certified to the Governor, as required by law, and defendants had no notice of the application and appointment by the Governor of Hon. Donley Suddath, who tried the case. (3) That the pleadings and transcript from the justice court from which this cause was appealed were lost and not substituted and there was nothing in the minutes to show that the trial judge had qualified, and the court was without authority to render judgment by default.

[1] We will dispose of these propositions in the reverse order of their presentation. We only have before us a statement of the evidence submitted at the hearing of the motion to set aside the judgment and for a new trial. The testimony relating to the alleged failure to file transcripts from the justice court is that of Hon. Vincent Stine, representing appellants in all of the ten cases at the time of the rendition of the judgment in favor of Atnip. He testified that:

"The papers (referring to the papers in the suits in the justice court) were here in two cases and gone in two cases. The transcript of the justice court was there, as I remember it, in two cases; as to all of the papers being there I could not say. Transcript from the justice court in two of the cases were not here, and I proved that the same reached here by the county judge, and I think I proved by the clerk that they came up."

The testimony quoted, and we find no other, certainly seems insufficient to establish the proposition that the transcript from the justice court in the case of appellee against appellants never reached the county court. The special judge proceeded to try the case, and nothing in the face of the judgment rendered or upon the record presented to us shows that the transcript from the justice court in appellee's case was not before the county court, and we think we must presume in aid of the judgment that such transcript was present, and the county court's appellate jurisdiction thus brought into effect.

[2] The second proposition above noted, to the effect that the special judge who tried the case had not been properly appointed, is not based upon any ground presented in the motion for new trial, and hence not available in this court, in addition to which the record before us shows both a certificate and telegram of the disqualification by Hon. J. P. Williams, the duly elected and qualified county judge of Clay county, directed to the Governor, in answer to which the Governor

on the 6th day of February, 1926, duly issued her certificate, reciting that the county judge had made known to her "in the manner prescribed by law" that he was disqualified in the case, among others, of Copeland against appellants, and that "having full confidence in the integrity and ability of Donley Suddath of Clay county, do, by virtue of the authority vested in me by the laws of this state, hereby appoint the said Donley Suddath, he being a person learned in the law, special judge to try and determine the above cause," etc.

The fact that appellants were without notice of the issuance of the certificate and telegram of disqualification on the part of the county judge is without force, we think, in view of articles 1931 and 1933 of the Statutes of 1925, and of the evidence relating to the disposition of appellants' first proposition, to which we shall now address ourselves.

[3] The agreement upon which appellants' first proposition is based does not appear to have been in writing. Judge Stine testified:

"The agreement, as I remember it, was that we should try this one case on the questions of law presented by the demurrers and exceptions, and that the other cases were not to be tried at all until these questions of law were settled, inasmuch as the same questions of law, in our opinion, were involved in the other cases, and that the court had found that it would have necessitated an appeal in all cases."

Mr. C. O. Taylor, who at all times represented the plaintiffs in the cases referred to, testified that:

"My remembrance of the agreement is this, that after the jury had been selected in the Atnip Case and was in the box Judge Stine, who represented the defendants, demurred to our cause of action, and that pending the argument on the demurrer I proposed to Judge Stine that, after the court overruled the demurrer, we try the Atnip Case, and let the result control in the other cases. My remembrance is that Judge Stine said he could not do this, and that I then said that it would take us a week to try them, and he then said that he could not do that. After the argument on the demurrer and after the court had sustained the same, the agreement that Judge Stine testified to is my recollection of the agreement, with possibly this addition, that nothing was said about waiting until the mandate was returned, but it was agreed that the cases remain on the docket subject to the determination of the questions of law raised in the appeal."

As will be seen from our opinion in the Atnip Case, reported in 258 S. W. 860, the trial court had sustained an exception to Atnip's petition, for the reason that the same did not allege that the plaintiffs' claim had been presented to the administratrix of the estate of C. B. Jackson, deceased, and the same rejected before the suit was filed. We held that the trial court erred in sustaining

this exception, for the reasons set forth in the opinion, and reversed and remanded the cause, and, as appellants allege, no mandate of this court in the cause has ever been applied for by any of the parties or issued to the county court.

Article 1865, Rev. Statutes of 1925, provides that on the rendition of a final judgment or decree in the Court of Civil Appeals the clerk of said court shall not issue and deliver the mandate of the court, nor certify the proceedings to the lower court, until all costs accruing in the case in such appellate court have been paid, or until, as provided in the succeeding article, an affidavit of inability on the part of the party against whom costs are adjudged to pay the same or give security therefor has been made.

Article 1867 provides that in cases which have been reversed and remanded by a Court of Civil Appeals, if no mandate shall have been taken out and filed in the court where the cause originated within one year after the motion for a rehearing was overruled or final judgment rendered, then "upon the filing in the court below of a certificate of the clerk of the Court of Civil Appeals where the cause was pending that no mandate has been taken out, the case shall be dismissed from the docket."

It must be observed that the record in this case fails to disclose any certificate by the clerk of this court that a mandate in the Atnip Case has been taken out and filed in the court below. We cannot say, therefore, that the effect of these statutes requires us to hold that the Atnip Case has been, or ought to be, dismissed. In addition to this, as will be seen by reference to our opinion in the Atnip Case, the judgment of the lower court was reversed on the ground only that the trial court erred in sustaining a demurrer to plaintiff Atnip's petition, and the cause was remanded subject to amendment, without final disposition of the case. The record fails to disclose whether under our ruling an amendment in this, the Copeland case, had been made, if indeed necessary. Moreover, as already appearing, the agreement that the companion cases should abide the result in the Atnip Case was verbal and does not appear to have been entered of record in the court below.

Rule 47, prescribed for the government of district and county courts, provides that:

"No agreement between attorneys or parties touching any suit pending will be enforced, unless it be in writing signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

The trial court was therefore, in any view of the case, not compelled, over the objection of plaintiff, Copeland, to abide by the oral agreement not entered of record made in the Atnip Case. See State v. Quillen (Tex. Civ. App.) 115 S. W. 660.

[4] The Atnip Case was tried in the lower court June 12, 1922. The evidence before us shows that no action was taken in the other cases until some two months after the date of our opinion in the Atnip Case, when the cases were set down for trial by the judge, but were not tried at that time, by reason of the absence of appellant Hinkle. No further proceedings were taken in the cases until the trial of the Copeland case now under consideration. It appears in the evidence that in the meantime appellants' counsel, who entered into the agreement in the Atnip Case relied upon, became disqualified to further represent appellants, and that appellant Hinkle had removed from the county and his whereabouts were unknown to the counsel representing Copeland. It appears that Mr. Copeland's counsel made repeated inquiries and repeated efforts to ascertain Mr. Hinkle's whereabouts in order to notify him of the setting of the Copeland case, and was unsuccessful in learning his whereabouts or in learning that in the meantime Mr. Hinkle had employed other counsel, the one now appearing for him, to represent him in the case. While such counsel now appearing for appellant Hinkle was employed in July preceding the trial of the Copeland case, he gave no notice to the court or to counsel for Copeland of the fact or had his name entered of record as counsel for appellants.

Under such circumstances, we see no reasonable ground upon which to base the conclusion that the plaintiff Copeland or his counsel was under the duty of longer delaying the prosecution of the suit, and we conclude, for the reasons stated, that the judgment below must be affirmed.