## AMERICAN FRUIT GROWERS, Inc., v. HARLAN–ELZEY–RANDALL CO.
### (No. 1230—5255.)

Commission of Appeals of Texas, Section A. April 24, 1929.

Turner & Rodgers and C. R. Winn, all of Dallas, for plaintiff in error.

Touchstone, Wight, Gormley & Price, of Dallas, for defendant in error.

NICKELS, J. This is a "county court case," whose nature is fully disclosed in the majority and dissenting opinions in the Court of Civil Appeals. 7 S.W.(2d) 132.

The exceptional conditions of jurisdiction in the Supreme Court (see article 1821, R. S. 1925) presented in the petition in error, are conflict of decision, in the present case and in cases cited herein below, and construction of a statute; i. e., article 1844, R. S. 1925.

Seasonably Harlan-Elzey-Randall Company prepared and requested submission of instruction of verdict. The request was overruled. This action of the trial court was not presented in the motion for new trial. However, in "assignments of error" filed in the trial court, supplementing the "motion for new trial," error was predicated in refusal of the request, and that assignment (question of law) was presented in the Court of Civil Appeals. It was considered and sustained by that court; i. e., by a majority of the judges. Nevertheless, the cause was remanded, with at least an implied finding, of fact, of insufficiency of evidence. Cf. Marshburn v. Stewart, 113 Tex. 507, 254 S. W. 942, 260 S. W. 565.

The questions raised in the petition in error have relation: (a) To power to consider refusal of the trial judge to submit a request for peremptory instruction, account of lack of evidence, in a case wherein that action was not set up as error in the motion for new trial. Cf. Bradshaw v. Kearby & Kearby (Tex. Civ. App.) 168 S. W. 436; E. G. Rall Grain Co. v. Burks-Simmons Co. (Tex. Civ. App.) 171 S. W. 1043; Hinkle v. Copeland (Tex. Civ. App.) 294 S. W. 702; Phillips Petroleum Co. v. Booles (Tex. Com. App.) 276 S. W. 667. (b) To authority of the Court of Civil Appeals to use its power over facts under an assignment presenting the question of law of "no evidence." Cf. Hall Music Co. v. Robinson (Tex. Com. App.) 1 S.W.(2d) 857.

Upon consultation of the record and briefs in the Court of Civil Appeals we perceive: (a) That first ground of the motion for new trial is in these words: "Because the verdict of the jury is contrary to the overwhelming preponderance of the evidence in that every witness without exception or equivocation testified the cauliflower was not properly trimmed." That paragraph of the motion for new trial was incorporated in the brief of Harlan-Elzey-Randall Company as an "assignment of error." (b) The "fourth proposition" in the brief of Harlan-Elzey-Randall Company is "advanced in support of" its "first assignment urged in motion for new trial," and is in these words: "The overwhelming preponderance of the testimony showing that appellee" (i. e., American Fruit Growers, Inc.) "failed to tender the character of cauliflower it was obligated to tender in the premises, appellant, as a matter of law and justice, was entitled to have the jury verdict set aside, as requested in its motion for a new trial."

■■ There is in the dissenting opinion evidence of Justice Stanford's belief that the "fourth proposition," and assignment to which it relates presents the question of preponderance or sufficiency of the evidence, as contrasted with the question of "no evidence." We are of like opinion; at least on the point of the sufficiency of the "proposition" and "assignment," taken from the "motion for new trial," to invoke the fact-finding jurisdiction of the Court of Civil Appeals. And, as noted, that jurisdiction was exercised in remanding the case. Whether or not it was correctly exercised is a matter in which the Supreme Court is without rightful concern, unless and to the extent the manner of its use projects a question of conflict of decision, within the meaning of Garitty v. Rainey, 112 Tex. 369, 247 S. W. 825, and Layton v. High-

tower (Tex. Com. App.) 12 S.W.(2d) 110, or a question of construction of statutes.

One assignment in the petition in error is rested in assumption that "insufficiency of the evidence to support the findings of the jury" was not raised in the "motion for new trial"; that assumption, as noted, is negatived in the record.

The other assignment in the petition in error is that the "Court of Civil Appeals erred in considering the sufficiency of the evidence under an assignment of error complaining of the complete lack of evidence." But, as suggested already, there was another assignment in the Court of Civil Appeals raising "sufficiency of evidence," and, in determining whether that court erred in the judgment rendered, its action must be traced to the available source of power; otherwise good judgments would be overturned merely because bad reasons were stated.

It is manifest that "conflict of decision" does not exist. And the matters which are determinative of the case do not involve construction of article 1844.

Accordingly, we recommend that the writ of error be dismissed.

CURETON, C. J. Application for writ of error dismissed, as recommended by the Commission of Appeals.