## DRISKILL HOTEL CO. v. ANDERSON.
### (No. 7363.)

Court of Civil Appeals of Texas. Austin.
May 22, 1929.

On Rehearing July 1, 1929. Further Rehearing Denied July 17, 1929.

Hy Byrd, J. Harris Gardner, and White, Wilcox & Taylor, all of Austin, for plaintiff in error.

Victor Gleckler and Hart, Patterson & Hart, all of Austin, for defendant in error.

McCLENDON, C. J. Anderson sued Driskill Hotel Company for $78 alleged to have been stolen from Anderson's room while he was a guest of the Driskill Hotel. The judgment was for Anderson upon a special issue verdict. The hotel company has appealed.

Two grounds for reversal are urged by appellant: (1) That the evidence will not support the judgment, because no affirmative act of negligence on defendant's part was shown, and it conclusively appears that Anderson was a boarder and not a guest at the hotel. (2) That the third jury finding, to the effect that Anderson was negligent in failing to use the means and precautions available to prevent the loss of the money, entitled defendant to judgment.

Upon the first issue the evidence shows that Anderson had been a resident of Austin for a number of years, and had been living in different hotels. He had lived at the Driskill about a year prior to the loss at issue; his arrangements being that he was given a lower rate than that of a transient guest, but the rate charged roomers, and paid his bills usually once each month, "while

transient guests paid each day, or at the end of each week."

In Kieffer v. Keough (Tex. Civ. App.) 188 S. W. 44, the Galveston Court gives an extended review of the authorities, showing the modern trend of decision to abrogate the early common-law distinction between a guest and a boarder. In that case it was held that the relation of hotel or innkeeper and guest arose where the proprietor rented furnished rooms by the day, week, or month, furnishing the occupants with bell boy service, lights, water, heat, and attended to having laundry sent out, returned, paid for, and charged to the guests of the respective rooms. The proprietor also had some unfurnished rooms, which he rented when tenants could be secured. There was a fixed rate for each class of accommodation by the day, week, or month for furnished rooms, and a rate for unfurnished rooms. The plaintiff in that case rented an unfurnished room and paid therefor the regular rate. The Supreme Court refused a writ of error, which we consider an approval of the conclusion reached. The facts in that case are, if anything, stronger than those in the case at bar as supporting the relation of boarder under the earlier holdings. We regard the decision as controlling here, and overrule appellant's first contention.

█ We overrule the second contention, on the ground that there was no pleading to support the defense of contributory negligence. It is true that pleadings in a justice court may be oral, and much latitude is indulged in support of their sufficiency. Nevertheless the holdings of our appellate courts appear to be that there must be some pleading to support an issue which is essential to a decision, and such pleading must be evidenced at least by some notation or memorandum thereof in the record. Southwestern Portland Cement Co. v. Havard Co. (Tex. Civ. App.) 155 S. W. 656; Atnip v. Hinkle (Tex. Civ. App.) 258 S. W. 860. The only record of any pleading whatever on behalf of defendant is the following notation from the justice court's docket: "Defendant plead general demurrer and general denial orally." If the judgment had been for the defendant, we might perhaps assume in support of the judgment an oral plea of contributory negligence, from the fact that that issue was submitted to the jury. We have here, however, a case in which the trial court disregarded the finding of the jury on contributory negligence, with no explanation in the record as to the ground on which he disregarded it. The record being entirely silent as to any pleading which would support the finding, and some pleading being necessary to its support, we conclude that appellant, upon whom rests the burden of showing an erroneous ruling, has failed to do so in this regard. The trial court's judgment is affirmed.

Affirmed.

On Motion for Rehearing.

█ Our attention is called to a copy of the county court docket entries, which we overlooked, because it appears in the transcript after the supersedeas bond and bill of costs. From it we quote: "Defendant plea, general denial, and contributory negligence."

The jury answered "Yes" to the following issue: "Was the plaintiff, Anderson, negligent on or about the 28th day of May, 1926, when said money was lost, if it was lost, by failing to use the means and precautions available to him to prevent the loss of said money, if any was lost?"

The evidence in this issue was: The room had a solid outer and a lattice inner door, each of which had a secure lock or bolt. Anderson took a sleeping powder and retired about midnight; he left his trousers containing his money on a chair near the center of the room, and in view from the door. The outer door was left open, and the lattice door was closed, but not locked or bolted. These facts, which were not disputed, raised the issue of contributory negligence under the holding in Hadley v. Upshaw, 27 Tex. 547, 86 Am. Dec. 654, from which we quote:

"We believe the rule of the law to be that the innkeeper will not be liable for the goods of his guest, if the loss is occasioned by the want of that ordinary care on the part of the guest, which a prudent man may be reasonably expected to take under all the circumstances of the case, and the question whether or not the guest has taken such ordinary care is always a question of fact for the jury."

█ Appellee contends that the court properly disregarded the jury's answer on contributory negligence, because it did not contain the necessary element of proximate cause. We overrule this contention. The trial court has not the power to disregard a jury finding merely because it is defective in some particular. Neither party objected to the charge as submitted and it will be construed in the light of the pleadings and evidence. It would have been a useless act for the court to submit the issue of plaintiff's negligence in the abstract. The submission of the issue must be presumed as having some material bearing on the case, and, in the absence of objection by either party, as embracing all controverted elements essential to a decision on that issue. The trial court might have set aside the verdict and ordered a new trial, but he could not receive the verdict and disregard a material issue found therein, because of some defect.

Our former judgment is set aside, the trial court's judgment is reversed, and judgment is here rendered for appellant (plaintiff in error).

Motion granted. Trial court's judgment reversed, and judgment rendered for appellant.