**WILLIAMS v. MUTUAL MOTOR CO.**
No. 1194.

Court of Civil Appeals of Texas. Eastland.
Dec. 22, 1933.

Rehearing Denied Feb. 2, 1934.

Cox & Hayden, of Abilene, for plaintiff in error.

R. W. Haynie, of Abilene, for defendant in error.

FUNDERBURK, Justice.

Suit by Mutual Motor Company, a corporation, against C. W. Williams was filed in justice's court on March 16, 1931, to recover upon a promissory note for the principal sum of $160, and to foreclose a chattel mortgage lien on a motorcycle. From a judgment for plaintiff, defendant appealed to the county court. In the county court defendant, on November 12, 1932, filed a plea to abate the suit "because," to quote from the plea, "the Mutual Motor Company was formerly a corporation, and has forfeited its right to do business in the State of Texas, on account of failure to pay its franchise tax, and for failure to file proof of final payment of capital stock, and is barred under the law from doing business in this State, and therefore forfeited its right to sue in this court, or in the courts of this State." In the justice's court defendant filed a written answer pleading want or failure of consideration, and by way of cross-action sought recission of the sale of the motorcycle, for the purchase price of which the note sued on was given, and recovery of the consideration (other than the note) paid for said motorcycle. The only new written pleading filed in the county court was said plea in abatement.

After the court had overruled the plea in abatement, the case was tried with a jury, who, in response to issues submitted, found that plaintiff sold the motorcycle under a guaranty that it would give satisfaction, and further found that the motorcycle did not fail to give satisfaction.

From a judgment for plaintiff, the defendant has prosecuted writ of error to this court.

■ It is first insisted that the court erred in overruling the plea in abatement. The only evidence offered to support said plea was a certificate reading as follows: "I, Jane Y. McCallum, Secretary of State, of the State of Texas, do hereby certify that according to the records in this Department the Mutual Motor Company of Abilene, Texas, forfeited its right to do business July 2, 1931, for fail-ure to pay the franchise tax, and I further certify that the said corporation forfeited its charter May 6, 1931 for failure to file a proof of final payment of capital stock." The law provides that the right of a corporation to do business may be forfeited, without judicial ascertainment, for failure to pay franchise tax "by the Secretary of State entering upon the margin of the record kept in his office relating to such corporation, the words, 'right to do business forfeited,' and the date of such forfeiture." R. S. 1925, art. 7091. Similar provision is made for forfeiture of the charter of a corporation for failure to pay the balance of capital stock subscribed. R. S. 1925, art. 1339. Forfeiture in the last-named case is accomplished by noting on the record the word "forfeited."

There was no evidence in this case that the secretary of state made the entry, "right to do business forfeited," as provided in said article 7091, nor the entry "forfeited," as provided in said article 1339. The instrument offered as evidence does not purport to be a certified copy of any record of the secretary of state's office. See St. Louis Expanded Metal Fireproofing Co. v. Beilharz (Tex. Civ. App.) 88 S. W. 512. In so far as the purported certificate states that defendant in error's right to do business or that its charter was forfeited, it was hearsay and incompetent. It constituted no evidence. U. S. Fidelity & Guaranty Co. v. Inman (Tex. Civ. App.) 65 S.W.(2d) 339; Henry v. Phillips, 105 Tex. 459, 151 S. W. 533.

Since this conclusion disposes of the point, it is unnecessary to determine whether the plea should have been overruled for the additional reason that it was not filed in due order of pleading. Neither is it necessary to determine whether, as a matter of abatement, such plea can be effective, where, as here, the suit is already pending when the alleged forfeiture occurs.

■ In connection with the issue submitted, the court gave a definition of the word "satisfaction," as follows: "You are instructed that by the term 'satisfaction,' as said term is herein used, is meant such services as would ordinarily prove satisfactory to an ordinary prudent person, under ordinary usual conditions, for which a motorcycle is to be used as represented to be fitted for." It was objected that the word was not a legal term, such as to require the giving of a definition, and that the definition given was erroneous.

If the word "satisfaction" be not a legal term requiring definition or explanation under R. S. 1925, art. 2189, it does not follow

that the giving of a *correct* definition would be material error. On the other hand, whether or not the word is such a legal term as to require definition or explanation, the giving of an *incorrect* definition would be error, which, if not affirmatively shown to be harmless, would call for a reversal of the case. We are inclined to the view that the word as used in the special issues is not a legal term requiring definition or explanation. We need not, however, definitely determine that question, since, whether it is or not in our opinion, the definition given was incorrect.

█ It affirmatively appears, we think, that the wrong definition worked no injury to the plaintiff in error. The first issue in which the word was used was answered favorably to plaintiff in error. It was answered in accordance with the undisputed evidence. It need not, therefore, have been given, and any error in the definition, so far as that issue was concerned, affirmatively appears to have been harmless.

In regard to the other issue, suppose the jury had answered it "yes," and thereby have found that the motorcycle did not give satisfaction. Would that have entitled plaintiff in error to any different judgment than was rendered? Whether it would or not may, we think, constitute a fair test of whether the error is or is not shown to be harmless. Plaintiff in error testified that the motorcycle was worth $50. He testified to considerable use of it. He further testified as follows:

"Q. You claim in your testimony that when you bought the motorcycle it was not worth more than $50.00, then why, with your experience with motorcycles, and after testing the machine, did you sign the contract agreeing to pay $225.00 for the motorcycle? A. They said they would make it run satisfactory.

"Q. The three different times you brought the machine back to the Mutual Motor Company for adjustment they would make it run satisfactory, didn't they? A. Yes, I suppose so. It always ran.

" * * * Q. The three times you brought it back to the shop to have it adjusted, at no time did you try to turn the machine back to the Mutual Motor Company and cancel the contract did you? A. No.

"Q. It is a fact, is it not, Doctor, that you did not offer to turn this car back until this suit was filed? A. Yes, I did not offer to give it back to them until they demanded payment of the note."

██ The evidence showed that the motorcycle was sold about September 5, 1930. The first of the eight installments on the note was due October 5, 1930; the first and second installments were paid, the last on November 3, 1930. The suit was filed on March 16, 1931. Under such testimony, would an affirmative answer to the special issue have entitled plaintiff in error to a judgment wholly relieving him from liability to pay the note? No pleadings shown by the record advise us of the provisions of the contract of sale. We assume, without deciding the point, that we should presume that by oral amendment plaintiff tendered the issues that (1) plaintiff guaranteed that the motorcycle would give satisfaction, and (2) that it did not give satisfaction. Hart v. Wilson (Tex. Civ. App.) 53 S.W.(2d) 1029. Ordinarily, the effect of a provision in a contract of sale that a machine constituting the subject-matter of the sale is guaranteed to give satisfaction is to give the purchaser an option to try the machine, and, after trial, to refuse acceptance of it if it be determined by the purchaser that it is unsatisfactory. The sale in such case is conditional. "The contract is in the nature of an option to purchase if the goods prove satisfactory, the approval of the buyer being a condition precedent. * * * Under a contract of this character, the obligation of both parties is suspended until the purchaser's satisfaction is gained or waived, and until then the title to the goods does not pass." 55 C. J. 431, § 417. As further said: "The failure of the buyer to exercise the option to reject * * * within a reasonable time, when none is specified, is equivalent to an acceptance, rendering the buyer liable for the price, and the mere fact that the buyer complained to the seller of the unsatisfactory character of the goods is not sufficient to change the effect of his conduct." 55 C. J. 434, § 421. See Southwestern Portland Cement Co. v. O. D. Havard Co. (Tex. Civ. App.) 155 S. W. 656. Again, it has been said: "If no return is stipulated, there need be neither a return, nor an offer to return, *but the buyer must give notice of* dissatisfaction or rejection." (Italics ours.) Id. p. 436, § 423.

 If, with the meager information furnished by the evidence, we construe the contract of sale as one upon approval, then, according to plaintiff in error's own testimony, he kept the motorcycle and gave no notice of his election not to accept same until he was called upon to perform his ultimate obligations under the contract. The evidence shows a sale. That there was a complete sale was shown by the fact that plaintiff in error gave defendant in error a mortgage on the motor-

cycle warranting his title thereto, and providing that plaintiff in error was to have the possession.

If, on the other hand, the provisions of the contract relative to the machine giving satisfaction should be treated as a warranty and not a condition precedent, still, we think, the court could have given no other judgment than he did, since there were no findings of any particular amount by which defendant in error's recovery on the note could be restricted or limited on account of the breach of such warranty. The burden was upon plaintiff in error to procure a finding of such amount, or to offer conclusive evidence to enable the court to render judgment in some certain amount. Hence we conclude that the court rendered the only judgment warranted, and that it is for that reason affirmatively shown that plaintiff in error suffered no prejudice from the incorrect definition of the word "satisfaction."

Having concluded that the judgment of the court below should be affirmed, it is accordingly so ordered.