## Lance *versus* Griner.

A dyer received from a customer goods to dye and gave this ticket: " H. J Lance, dyer and scourer. * * * * No goods delivered without return of this ticket—good for one year—No. 672—price $1.50." *Held*, that the contract for delivery was not binding after the year.

ERROR to the Court of Common Pleas of *Allegheny county.*

This was an action on the case, by Maria Griner against H. J. Lance.

The defendant was a dyer and scourer in Pittsburgh. On the 9th of March 1864, the plaintiff left with him some articles of clothing to be dyed. The defendant gave to her on receiving them a ticket in his usual form, viz. :—

" H. J. Lance, dyer and scourer, Nos. 135 & 137 Third street, Pittsburgh, Pa. No goods delivered without return of this ticket —good for one year—No. 672—price, $1.50."

The plaintiff did not call for the goods until after the year had expired ; some of the articles were found, the others could not be found ; the plaintiff refused to take any unless she received all, and brought this suit. It was agreed on the trial that the goods were worth $14.

Sterrett, P. J., after stating the facts, charged the jury :—

" The defendant claims that the articles were not called for within one year after they were left with him, and that the words " good for one year" on the face of the ticket, should be construed to be an agreement on the part of the defendant to deliver the goods if called for *within one year ;* and not otherwise.

" We cannot adopt this view. On the contrary, we instruct you that the defendant was bound to deliver the goods upon being paid for dyeing them, even if they were not called for or demanded by the plaintiff until after the expiration of a year from the time they were left with defendant."

[Lance *v.* Griner.]

The verdict was for the plaintiff for $14, and the foregoing portion of the charge was assigned for error.

*R. & S. Woods*, for plaintiff in error.

*Collier, Miller & McBride*, for defendant in error.

The opinion of the court was delivered, November 5th 1866, by
STRONG, J.—The claim of the plaintiff below was founded upon contract, and her relation to the defendant was that of a bailor to a bailee. Had' there been no express contract for the redelivery of the articles bailed, the directions given to the jury by the court below might have been correct. But there was an express contract between the parties; a contract reduced to writing. When the clothes were deposited by the plaintiff with the defendant, he gave a ticket describing the obligations he assumed, and she accepted the ticket. It thus became their mutual contract, and the rule by which their rights against each other are to be determined. In the presence of this express agreement there is no legal implication of any other contract. And it was upon this that the plaintiff relied for a recovery. She gave no other evidence of any bailment. She submittted to the court and jury the ticket, and some proof of the value of the goods left with the defendant, and there rested her case. The true question then was, what obligation was assumed by the defendant when he gave the ticket. The words of the instrument are as follows: "H. J. Lance (from J. & W. Jones, Philadelphia), dyer and scourer, Nos. 135 & 137 Third street, Pittsburgh, Pa. No goods delivered without return of this ticket—good for one year—No. 672— price, $1.50."

In inquiring what the ticket means, two things are very obvious. It was agreed that the bailee should not be bound to redeliver the goods, without a production and return of the written contract, and it was also agreed that the express contract should be binding for one year. It is plain that the object sought to be accomplished by this last stipulation was the relief of the bailee from the custody of the goods for an indefinite period. In the business in which he was engaged it was important to him that he should not be burdened with the care of articles for a long time after the work to be done upon them had been completed. He did not receive them for custody, and he made a charge only for the labor to be bestowed upon them—none for taking care of them after a year. Hence the clause in the contract, that it should be good for one year. This can mean nothing, unless it be that the express contract was agreed to have no binding effect after the expiration of that period. And that it must mean something we· are not at liberty to question. During the year then the defend-

[Lance *v.* Griner.]

ant was a bailee for hire. After the year had expired he was not, and consequently his responsibility was less. Its utmost extent was not beyond that of a depositary. He must have been guilty of gross negligence before he could be held liable for the loss of the articles, of which he was no more than an unrewarded depositary. But of gross negligence there was no evidence in this case, and no attempt was made to adduce any. The court below were therefore in error when they instructed the jury, that the defendant was bound to deliver the goods upon being paid for dyeing them, even if they were not called for or demanded by the plaintiff until after the expiration of a year from the time they were left with the defendant. Such was not the contract, and the liability of the defendant reaches not beyond that.

It is proper to remark that we decide only the case before us. We do not mean to be understood as holding that the defendant is a depositary, and that he became such at the expiration of a year from the time when the bailment was made. He is certainly not more. That is enough for this case. If the record called for it we might inquire, whether there can be a deposit or a bailment for custody without hire without the consent of the depositary, and whether therefore the defendant was bound to any degree of care. But the inquiry is not necessarily before us, and we leave it undetermined.

Judgment reversed, and a *venire de novo* awarded.