Opinion by
Rice, P. J.,
The plaintiff’s demand in this action of assumpsit is for the value of certain theatrical costumes delivered to the defendant to be cleaned, which, the plaintiff alleges, the defendant neglected and refused to return. It is averred in the affidavit of defense, in substance, that the, defendant agreed with the plaintiff that he would take the work and have it done by one Dorfner, an experienced man engaged in the cleaning, scouring and dying business; that under defendant’s directions Dorfner received the goods and began the work; that the process employed by Dorfner to clean the costumes was the best known to the trade; that special care was used; that “notwithstanding that every care and precaution was taken in the handling and cleaning of the costumes, the materials used in cleaning were, in some unaccountable way, ignited, and a fire resulted, destroying some of the costumes, damaging others, and wrecking a portion of Dorfner’s buildings;” and that Dorfner offered to repair the damaged goods and put them in as good condition *654 as when they were delivered to the defendant, but the plaintiff refused to receive them in that condition.
Passing the other questions raised by the affidavit of defense, and assuming for the purposes of this appeal, that the affidavit of defense law applies to the case, and that the defendant was the bailee of the goods, the court was right in holding that the affidavit was sufficient to prevent summary judgment. Where a bailment is for mutual benefit, the bailee is held to the exercise of ordinary care in relation to the subject-matter thereof, and is responsible only for ordinary negligence. He is not liable if the subject-matter of the bailment has been injured by accident or some other means wholly without his default. To state the proposition in another form, it is sufficient excuse for nondelivery that the property has been destroyed without fault of the bailee. “If the article be lost by theft, fire, or otherwise, notwithstanding the exercise of ordinary care, the loss falls on the owner of the goods and not on the workman:” Zell v. Dunkle, 156 Pa. 353. It may seem improbable that proper materials for cleaning, if due care was used in applying them, would ignite and destroy the articles being cleaned, or that, if they had ignited, the cause could not be shown, but neither is an impossibility. In other words, it cannot be declared as matter of law that the averments of the affidavit as to the exercise of care are contradicted and rendered nugatory by the admission that the ignition of the cleaning materials cannot be accounted for. Under any view of the law as to the burden of proof in a case where a bailee for hire fails to return the subject of the bailment, the affidavit of defense was sufficient to entitle the defendant to a jury trial.
The appeal is dismissed at the costs of the plaintiff, but without prejudice to its right to trial by jury and a second appeal after final judgment.