Argued October 18, 1927.
This appeal is from judgment for $582.50 for want of a sufficient affidavit of defense in a suit on a fire insurance policy in the amount of —
"$1,300. On merchandise generally, including packages, wrappers, and labels of all kinds, his own, held in trust or on consignment, sold but not removed, for which the assured may be otherwise liable, being the stock of tailer shop.
 $200. On fixtures ...... and all other articles used in the business as conducted, and not covered under stock item above."
The statement of claim alleged fire loss of stock and fixtures as shown by a copy of the proof of loss attached. For fixtures $29.50 was claimed; to that item the affidavit is insufficient, and judgment shall be entered: Fulton Farmers' Association v. Bomberger, 229 Pa. 43, 47.
The amount claimed under the first paragraph quoted above is $553, composed of items appearing in *Page 502 
plaintiff's proof of loss under the heading "customers' goods." As the statement does not aver what meaning was intended to be attributed to the words "customers' goods," or the terms of the bailment by which they were held, we take the words in their ordinary sense as describing goods belonging to plaintiff's customers in his custody as bailee for the purposes of his trade. He does not aver that he was liable by express contract with the owners to insure or care for and return their goods in any event; or that there was such lack of care on his part as would render him liable to the owners for breach of the ordinary contract of bailment: (cf. Zell v. Dunkle, 156 Pa. 353; Gingerbread Man Co. v. Schumacher, 35 Pa. Super. 652), or any other interest save that of possession.
He contends that "customers' goods" were covered in any event by the words of the policy, and refers to Cannon Mills v. Flynn Gray, 82 Pa. Super. 298, to support this contention. On the other hand, appellant on the authority of the same decision, contends that the policy covered only to the extent of plaintiff's liability to his customers, whatever the evidence may show that to be. In the Cannon Mills case the single question in this court was whether there was evidence to sustain the judgment. On this appeal we are considering only whether the affidavit of defense makes such an issue as requires trial. In the Cannon Mills case the parties to the suit were bailor and bailee, and the property destroyed was property "held in trust" as that phrase was construed in cases cited in the opinion (Siter v. Morrs, 13 Pa. 218, among them). But as the bailee and the insurer had limited the insurance of the property "held in trust", — that is, had diminished the scope of possible liability, — by the phrase "...... for which the assured is liable," it was necessary to give effect to the limitation, and we therefore concluded that the policy limited the insurer's liability to *Page 503 
the liability of the insured bailee to its bailor. That suit was not brought to recover from the bailee for failure to exercise ordinary care of the bailment, but on the theory that a bailee may insure generally (and had in fact done so), and that the insurance fund stood for the goods, and that the bailee must account to the bailor (see Johnson v. Stewart,243 Pa. 485). But as the policy limited the insurance to loss for which the bailee was liable to pay to his bailor, we looked for evidence that the bailee had agreed to insure or otherwise to become liable for the loss, and finding none, we reversed because there was no evidence to support the judgment.
The policy now before us means precisely what the policy meant in the Cannon Mills case; that as to customers' goods, the insurer insured against the assured's liability — whatever it might be — to his bailors; the assured was indemnified against any loss he might sustain by his contracts with his bailors. The bailment — goods "held in trust" — defined a well understood liability (Siter v. Moors, supra), but it did not cover loss from every cause; the bailee might increase that liability and become an insurer by contract; the word "otherwise" in the phrase "for which the assured may be otherwise liable" describes a liability not implied by the phrase "held in trust," but one "otherwise" arising, a liability added to the former by some additional contract, for which he may recover if and only if such contract was made.
Defendant's pleading denies that plaintiff was liable to his customers and thereby puts in issue whether such insurable interest is covered by the policy. The averment is "defendant denies that any of the property damaged by the said fire was the property of the plaintiff ...... avers that the property [in question] was the property of customers of the plaintiff, and ...... was not property for which the plaintiff was *Page 504 
otherwise liable [than as described in the four classes without the qualification otherwise] as the plaintiff had not by contract or otherwise assumed any liability for said property, and said property was left in the possession of the said plaintiff by customers of the said plaintiff at their own risk, and ...... is not covered by the terms, conditions and stipulations of the said policy or intended to be covered thereby, and there is therefore no liability on the part of the defendant to the plaintiff.
"Defendant [avers] ...... that the property ...... was property for which he had assumed no liability of any kind or character either as consignee, trustee or otherwise, but that said property was the property of customers which had been left with the said plaintiff for alterations, repairs, cleaning and pressing, and the plaintiff had assumed no liability with reference thereto but that the same was left with the said plaintiff at the risk of the owners."
In Penna. Railroad Co. v. Coles, 87 Pa. Super. 432, 436, we said: "When there is doubt whether a plaintiff is entitled to summary judgment, the doubt should be resolved in favor of the defendant, the power to enter such a judgment being intended only for clear cases; Kidder Elevator Interlock Co. v. Muckle, 198 Pa. 388; Moore v. Luzerne County, 262 Pa. 216; Commonwealth Finance Corporation v. Ferrero, 269 Pa. 264; Rhodes v. Terheyden, 272 Pa. 397." The affidavit raises an issue of fact for trial; has plaintiff made himself liable to his bailors for the goods destroyed? If the evidence shows that by plaintiff's contracts he is not liable to his customers for this damage, if in fact, he sustained no loss, he will not be entitled to recover; on the other hand, if he sustained any loss by the damage to the customers' goods, he will be entitled to recover that loss.
The judgment is reversed and the record is remitted, *Page 505 
with instructions to enter judgment for the plaintiff for want of a sufficient affidavit of defense for the items covering fixtures: $29.50 with interest — with leave to proceed for the balance.