### BAIRD v. WILLIAMS et ux.
### No. 11095.

Court of Civil Appeals of Texas. Dallas.
Jan. 21, 1933.

W. B. Handley and C. J. Shaeffer, both of Dallas, for appellant.

Grace N. Fitzgerald, of Dallas, for appellees.

LOONEY, J.

John S. Baird, Jr., appealed from an adverse judgment rendered in a suit brought by him to recover damages from H. G. Williams and wife for the loss of clothing stolen from a trunk left in the custody of defendants at the Milam Hotel in the city of Dallas operated at the time by them.

Plaintiff was a district sales manager for a hosiery mill, established headquarters in Dallas, registered at the Milam Hotel under a special arrangement that plaintiff would pay $1 per day for his room; that he would not be charged while absent from Dallas; that during the period of absence his mail and baggage would be cared for in the hotel. This arrangement constituted the consideration for plaintiff becoming a guest at the hotel. About two weeks after plaintiff registered he made a business trip to South Texas, intending to be absent but a few days, but, on account of illness, was detained several weeks. Before leaving, plaintiff was informed by defendant that there was in the hotel a trunk room kept for the purpose of caring for the baggage of guests, but, as plaintiff said he would return in a few days, that the trunk was fastened by a splendid lock, and that there was no need to move it to the trunk room, this was agreed to by defendant, and the trunk was left in plaintiff's room. Returning to the hotel, plaintiff was assigned a different room, and discovered when the trunk was brought up that the lock had been broken and three suits of clothing, a top coat, and six shirts, of the aggregate value of $175, were missing. It appears that during the absence of plaintiff defendant sold the hotel and made delivery of same to the purchaser, including the trunk belonging to plaintiff.

The questions discussed herein have been properly raised and presented for consideration.

No contention is made that defendant is liable at common law as an innkeeper, but it is contended that, under the special arrangement entered into between the parties, defendant became a bailee for hire, owed the duty of reasonable care to safeguard the property, and, failing to account for or excuse the loss of the clothing, liability to plaintiff for damages was established.

We think the bailment in question was for the mutual benefit of both plaintiff and defendant, in other words, that it was a bailment for hire, with the legal consequences attaching to that relation.

The case of Hotels Statler Company, Inc., v. Safier, 103 Ohio St. 638, 134 N. E. 460, 461, 22 A. L. R. 1190, involved substantially the same state of facts, and is as near in point as cases are usually found. Speaking of a similar special arrangement made between the guest and hotel for the keeping of baggage, the court said: "This special engagement entered into between them, while relieving the innkeeper from the stringent rule of liability under the common law for the safe-keeping of goods, imposed upon the hotel bailee the duty of exercising reasonable care for their preservation. This arrangement is based upon a sufficient consideration, and imposes upon the bailee the duty required of it as a bailee for hire. Under the facts disclosed in this case this is a bailment for mutual benefit." At this point the court quoted from 6 C. J. 1100, the following: "Where a bailment is a mere incident to the performance of services for which the bailee receives compensation, or to the conduct of a business from which the bailee derives profit, it is a bailment for mutual benefit, although the bailee receives no compensation for the bailment as such." The court also quoted from Story on Bailments (9th Ed. p. 27), the following in point: "When the bailment is reciprocally beneficial to both parties, the law requires ordinary diligence on the part of the bailee, and makes him responsible for ordinary neglect." After these quotations, the court proceeds: "Manifestly the bailment, in a case like the present, is of the latter class, for, while the customer pays

nothing directly, or eo nomine, for the safe-keeping of his effects, the dealer receives his compensation in the profits of the trade of which the bailment is a necessary incident." See this case for full discussion and citation of authorities on the question under discussion.

As stated above, during the absence of plaintiff, defendant sold out the hotel, and made delivery to the purchaser, trunk and all, thus abandoning to a stranger custody of plaintiff's baggage, and failed to explain or excuse the loss of clothing from the trunk.

The doctrine applicable to a situation like this is announced in 3 R. C. L. § 74, p. 151, as follows: "The general rule, at least in the United States, seems to be that where a bailor alleges and proves simply the delivery of the property to the bailee and the latter's failure to return it on demand, a prima facie case is made out against the bailee. The same is true if it is proved that the property was delivered to the bailee in good condition and was returned damaged in such a way as does not usually occur by the exercise of proper care, and in either case negligence will be presumed." Also see 6 C. J. p. 1158, § 160; Cochran v. Walker (Tex. Civ. App.) 49 S. W. 403; Hislop v. Ordner, 28 Tex. Civ. App. 540, 67 S. W. 337; Powell v. Hill (Tex. Civ. App.) 152 S. W. 1125, 1126; Bagley v. Brack (Tex. Civ. App.) 154 S. W. 247.

In view of the facts stated above and the authorities cited, we are of opinion that the court erred in denying plaintiff recovery, and, it appearing that the case has been fully developed, it becomes our duty, under article 1856, R. S., to render such judgment as the court below should have rendered; therefore it is ordered that the judgment below be, and is, hereby reversed and judgment is here rendered in favor of John S. Baird, Jr., plaintiff, against H. G. Williams (no recovery against Mrs. Williams) for the sum of $175, with interest at the rate of 6 per cent. per annum from March 30, 1931, and all costs of this and of the court below, and that same be certified to the court below for enforcement.

Reversed and rendered.