Wendt *v.* Sley System Garages, Appellant.

Argued October 12, 1936.

Before KELLER, P. J., CUNNING-HAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Arthur S. Arnold,* with him *Alma H. Arnold,* for appellant.

*John B. Martin,* for appellee.

OPINION BY BALDRIGE, J., December 11, 1936:

The plaintiff drove his automobile into an open parking lot operated by the defendant, paying a fee of 10 cents. He received a ticket or check, which stated: "Not responsible for fire or theft. All valuables must be checked." About 5 o'clock when he returned for his car, he found it had been stolen. It was recovered the next day, with some of the equipment missing. Plaintiff brought this suit, alleging that the defendant, as bailee, had failed to exercise ordinary diligence in the care of the chattel bailed. A trial in the municipal court before TUMOLILLO, J., sitting with-

out a jury, resulted in a judgment for plaintiff.

The appellant takes the position here, as it did in the court below, that there was a contractual limitation of liability and no proof of negligence.

The duty of a bailee in a bailment for mutual benefit is to exercise ordinary care: *Smith v. Cohen,* 116 Pa. Superior Ct. 395, 176 A. 869. Whether that duty was performed was a question of fact to be determined in this case by the trial judge.

It will be noted that under the terms of the contract, the bailee did not limit its liability against its own negligence; that subpect was not mentioned. The receipt sets forth merely that no responsibility was assumed for fire or theft.

In *D. & C. Towboat Co. v. Starrs,* 69 Pa. 36, a barge of the plaintiff was towed by the defendant and damaged through its negligence. The parties had entered into a contract, which provided that the canal boat would be towed "at the risk of the master and owners thereof." The court held that that provision did not mean to exempt the company from all responsibility for the negligence of its servants, and that the measure of its liability was ordinary skill and care. In the course of the opinion, the court said (p. 41) : "It is contended that these words in the contract have, therefore, no legal effect, unless they be construed to mean that the towing company shall not be liable for the negligence of their officers and servants. But this argument is altogether inconclusive and unsatisfactory ...... It cannot be applied as a rule of construction to extend the meaning beyond what the words themselves authorize. 'At the risk of the master and owners,' is simply 'we, the towing company, do not assume the liability of common carriers—we do not insure the safety of the boat.' It cannot be inferred, without great violence to the language, that they meant to say: 'We do not undertake to tow the boat as we ought to do.' ...... There was nothing, therefore, to change the

legal standard of responsibility—to reduce the liability of the towers from ordinary to gross negligence."

In. *Langford v. Nevin*, (Texas), 298 S. W. 536, an automobile was left in a garage for repairs. A sign, which was called to the bailor's attention, read: "Not responsible for loss in case of fire or theft." The car was stolen through the defendant's negligence. The court held that the words used were insufficient to exempt from liability for negligence; that a strict construction of the language was required, and, having mentioned only fire and theft, these would not be extended to imply theft resulting from the bailee's negligence. To like effect is *Timmins v. Schroeder*, 26 S. W. (2d) 664 (Texas).

Whatever construction may be placed on the receipt, however, the appellant is confronted with the well-recognized rule that the right of a bailee to limit his liability by special contract does not go to the extent of relieving him against his own negligence.

In *Lancaster County Natl. Bank v. Smith*, 62 Pa. 47, 55, the court stated: "We have more than once held that a bailee cannot stipulate against liability for his own negligence." In 6 C. J. 1112, §44, it is stated: "The parties to a bailment may diminish the liability of the bailee by special contract, the principle being that the bailee may impose whatever terms he chooses ...... provided the contract is not in violation of law or of public policy, and that it stops short of protection in case of fraud or negligence of the bailee." See, also, *Hoyt v. Clinton Hotel Co.*, 35 Pa. Superior Ct. 297; *Pilson v. Tip Top Auto Co.* (Oregon), 136 P. 642; *Sporsem v. First Natl. Bank of Poulsbo* (Wash.), 233 P. 641; *England v. Lyon Fireproof Storage Co.* (Cal.), 271 P. 532.

In *Lance v. Griner*, 53 Pa. 204, cited by appellant, the defendant, a dyer and scourer, gave a receipt for articles of clothing to be dyed—"good for one year." The plaintiff did not call for the goods until after the

expiration of a year. The court held that the contract for delivery was not binding after the year. That is quite a different situation than is presented in the case at bar.

*Zell v. Dunkle et al.*, 156 Pa. 353, 27 A. 38, and *Gingerbread Man Co. v. Schumacher*, 35 Pa. Superior Ct. 652, support the position of the appellee with respect to the measure of care the bailee was bound to exercise over property entrusted to his possession.

Other cases relied upon by appellant do not involve bailments, but leases and agreements, and are readily distinguished in their facts from the case at bar.

Our conclusion is that, under the facts and the law, the bailee was relieved of liability as an insurer, but not for loss due to its negligence.

The next question for consideration is whether there was sufficient evidence of negligence to justify a recovery.

If a bailee fails to return bailed property or give a satisfactory explanation for its disappearance, he has the burden of proving that the loss was not due to his negligence. This is upon the theory that when a bailee has exclusive possession of the goods, the acts attending loss or injury must be peculiarly within his own knowledge and, therefore, he is required to excuse or justify a failure to return the goods in a proper condition: *Logan v. Mathews*, 6 Pa. 417; *Duffy's Garage v. Sweeley*, 66 Pa. Superior Ct. 583; *Bash v. Reading Cold S. & I. Co.*, 100 Pa. Superior Ct. 359.

In sustaining a judgment for plaintiff in *Baione v. Heavey*, 103 Pa. Superior Ct. 529, 533, 158 A. 181, we said: "When plaintiff presented the ticket, it was defendant's duty to obtain the car from the place where his employee had put it, and, deliver it to plaintiff; he could not deliver it, nor could he explain what had become of it consistently with the performance of the duty assumed by him in the circumstances."

This ruling is in accordance with the text in 6 C. J. 1158, §160, which reads as follows: "The rule adopted in the more modern decisions is that the proof of loss or injury establishes a sufficient prima facie case against the bailee to put him upon his defense. Where chattels are delivered to a bailee in good condition and are returned in a damaged state, or are lost or not returned at all, the law presumes negligence to be the cause, and casts upon the bailee the burden of showing that the loss is due to other causes consistent with due care on his part." We cited, with approval, this rule in *O'Malley v. Penn Athletic Club*, 119 Pa. Superior Ct. 584, 181 A. 370. It is also favorably commented upon by textwriters. Berry on Automobiles, 7th ed., pp. 744, 745, §5.537, states that if a machine is stolen while in the possession of a bailee, a presumption arises that he was negligent in caring for it, and all that is incumbent upon the bailor to make out a prima facie case is to prove the bailment and that the automobile was lost while in the bailee's possession; that "it is then the duty of the bailee to 'go forward' with proof to show that he used proper care in the bailment, in the absence of which proof the bailor is entitled to judgment."

The evidence offered in this case shows that the parking lot operated by defendant is on the northeast corner of 20th and Market streets, Philadelphia, fronting 160 feet on Market street and running back to a depth of 180 feet to Commerce street, with a capacity of 240 to 250 cars. The plaintiff parked his car, fronting 20th street, from which point a car could be driven across the pavement into the street. There were 30 to 50 cars parked, facing that way. The defendant testified that six attendants were employed, and, according to one of them, four were on duty all that day prior to 5:30, but at times one or more of them were driving cars to be washed or greased, which required them to be taken a distance of about ten blocks. The plaintiff

stated that when he called to get his car, he saw only two attendants present on the lot.

We are of the opinion that the evidence was sufficient to justify the trial judge in finding that the bailee was negligent in not exercising due care in safeguarding the bailor's car.

A full consideration of this evidence and argument of learned counsel convinces us that the plaintiff is entitled to his judgment.

Judgment affirmed.