**VOLLMER v. STONELEIGH–MAPLE TERRACE, Inc.**

No. 14146.

Court of Civil Appeals of Texas. Dallas.

Jan. 13, 1950.

Rehearing Denied Feb. 10, 1950.

Strasburger, Price, Holland, Kelton & Miller and Royal H. Brin, Jr., all of Dallas, for appellant.

Leachman, Matthews & Gardere and Kiel Boone, all of Dallas, for appellee.

YOUNG, Justice.

Appellant sought recovery in damages to his automobile which disappeared from defendant's garage (operated in connection with its apartment hotel), and later found in a wrecked condition. Negligence was alleged on part of defendant and its employees in permitting the car to be thus stolen, with counter charges against plaintiff of contributory negligence. The jury found plaintiff, along with defendant, guilty of negligence in various respects, proximately causing the loss; whereupon the court overruled plaintiff's motion for judgment notwithstanding the jury findings of negligence adverse to him and entered judgment for defendant; appeal being prosecuted from such rendition.

The jury made findings of negligence constituting proximate cause of loss, viz.: (Against defendant): (1) Failure to keep adequate watch over plaintiff's automobile while in garage; (2) failure to keep sufficient attendants at garage to guard parked automobiles; (3) failure to have chain up across door through which plaintiff's car was taken; (4) failure of Colbert Hill, its employee, to have garage doors closed; (5) leaving keys in plaintiff's car on the occasion in question. (Against plaintiff): (1) Acceptance of garage facilities furnished by defendant; (2) failure to keep proper lookout for his own automobile; (3) failure of Vollmer to remove keys from automobile; (4) his failure to see that there was a sufficient number of attendants at garage to guard automobile. Difference in market value (before taking and after recovery in damaged condition) was fixed at $1,400.

Pursuant to Rule 169, Texas Rules of Civil Procedure, the following admissions were made by defendant on plaintiff's request: That on or about April 1, 1947, defendant owned, operated, and maintained a garage in connection with Stoneleigh Hotel for benefit and convenience of guests; that an employee of defendant (Colbert Hill) was the only attendant on duty at such garage on night when plaintiff's car was taken, who was acting in course and scope of employment in parking plaintiff's car on said occasion; and that the chain provided to stretch across garage entrance had not been put in position at time plaintiff's car was stolen.

Defendant's garage (an enclosed structure at rear of hotel proper) was of two levels, with ramps leading to each, and accommodating some thirty-odd cars. Between levels was a small office for use by hotel attendant, equipped with a bell or buzzer. Upon arrival of a patron at hotel entrance, his car, if seen by the attendant, would be taken over and stored; with buzzer used for such purpose to attract attention of the particular employee. This was the ordinary routine.

Appellant had been a resident of the hotel for some eighteen months, paying $190 per month for apartment space and $7.50 per month for car storage in garage, when, on the evening of April 1, 1947, between 8:00 and 10:00 P. M., he drove his '41 Cadillac automobile up to the hotel entrance, turned vehicle over to Colbert Hill, the employee, who immediately parked it in usual upper-level space in garage. Within a short interval and while Hill was parking another car on lower level, he heard noise of a starting motor and ran out in time to see the Vollmer car being rapidly driven down the ramp and out, attendant at once reporting the loss to his superior. Employee Hill had not gotten around to putting up the chain across garage entrance at the time, as he had been busily engaged in storing other cars. As was customary, he had left appellant's car keys in place, though there was an office board for securing same and where car keys were kept at request of various other patrons or owners.

■ Manifestly, under above facts and at time of loss defendant had been entrusted with full possession of plaintiff's car for purpose of storage with resulting relationship of bailor and bailee for hire; and in consequence the latter became duty bound to exercise ordinary care for its safety. Appellee argues that at least a question of fact is implicit in the testimony as a whole as to whether the basic arrangement between the parties was merely one for mere rental of parking space with no actual delivery of car, or ensuing liability upon placement of vehicle in the assigned garage space. (See 24 Am.Jur., sec. 29, p. 493, for such distinction between relationship of parking station proprietor and garage keeper.) However, the following testimony from both plaintiff and defendant's employee conclusively establishes that the spot parking of various cars was merely incidental to its method of handling and a matter of its own choice and convenience; Vollmer testifying: "Q. Were you given a permanent parking arrangement or did you park any place? A. They had a space for me on the south side of the second floor, which the attendant of his own volition evidently had selected for me when I became a resident; it was to all intents and purposes the place for this car, and it happened to be the first spot on the south side of the upstairs closest to the outgoing ramp." (Colbert Hill): Q. Colbert, did all of the cars that were parked in the garage, did every one of them have a particular spot, or was it just some of them? A. You just placed them wherever you could; some of them would have particular spots to put them in and some of them you put them in places you could put them. Q. Did you ever have to move cars around, shift them around from one space to another in the garage? A. Yes sir, some-times you have to shift them around and put them in exactly right."

■■ While negligence of bailor contributing to the loss exonerates the bailee as a general rule, we find nothing in the facts and circumstances of this record to establish any such defense. After defendant hotel had invited the acceptance of its garage facilities on part of plaintiff, who paid the fee demanded, surely the former is in no position to claim that the car owner is equally at fault for loss of the bailed property while in bailee's possession, at least with respect to matters over which it had assumed the burden of exercising ordinary care, such as proper lookout for safety of car, safeguarding of automobile keys, chain across garage doors, and sufficiency of attendants.* As appellant aptly points out, while the car was in possession of defendant the duty of care as between the parties rested solely upon it, plaintiff being relieved of further duties in connection with a proper lookout, safeguarding of keys, etc.

■■ Similarly, an issue of contributory negligence cannot be predicated upon knowledge by plaintiff of defendant's garage facilities and methods. It is well settled that liability of a garage man as bailee of an automobile is not affected by the owner's knowledge as to the manner in which or the place where the car is kept. Berry, The Law of Automobiles, sec. 5.524; Blashfield Encyclopedia of Automobile Law and Practice, Perm.Ed., § 5022; Huddy, Automobiles, sec. 202; Stevens v. Stewart-Warner Speedometer Corp., 223 Mass. 44, 111 N.E. 771; Philip Sandler v. Commonwealth Station Co., 307 Mass. 470, 30 N.E.2d 389, 131 A.L.R. 1170.

The judgment below is reversed and here rendered for appellant in amount of $1,400 together with legal interest from date of trial, and all costs.

---

* Jury answers to issues 1 through 17 involving the identical facts just mentioned were found against defendant.