**SHAMROCK HILTON HOTEL et al.,**
**Appellants,**

v.

**Maurice CARANAS et al., Appellees.**

**No. 643.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Nov. 15, 1972.

Rehearing Denied Dec. 6, 1972.

Theodore F. Weiss, Jr., Baker & Botts, Houston, for appellants.

Tom Connally, John H. Bennett, Jr., Fulbright, Crooker & Jaworski, Houston, for appellees.

BARRON, Justice.

This is an appeal in an alleged bailment case from a judgment non obstante veredicto in favor of plaintiffs below.

Plaintiffs, husband and wife, were lodging as paying guests at the Shamrock Hilton Hotel in Houston on the evening of September 4, 1966, when they took their dinner in the hotel restaurant. After completing the meal, Mr. and Mrs. Caranas, plaintiffs, departed the dining area leaving her purse behind. The purse was found by the hotel bus boy who, pursuant to the in-

structions of the hotel, dutifully delivered the forgotten item to the restaurant cashier, a Mrs. Luster. The testimony indicates that some short time thereafter the cashier gave the purse to a man other than Mr. Caranas who came to claim it. There is no testimony on the question of whether identification was sought by the cashier. The purse allegedly contained $5.00 in cash, some credit cards, and ten pieces of jewelry said to be worth $13,062. The misplacement of the purse was realized the following morning, at which time plaintiffs notified the hotel authorities of the loss.

Plaintiffs filed suit alleging negligent delivery of the purse to an unknown person and seeking a recovery for the value of the purse and its contents.

The trial was to a jury which found that the cashier was negligent in delivering the purse to someone other than plaintiffs, and that this negligence was a proximate cause of the loss of the purse. The jury further found that plaintiffs were negligent in leaving the purse containing the jewelry in the hotel dining room, and that this negligence was a proximate cause of the loss.

A motion for judgment n. o. v. and to disregard findings with respect to the findings that plaintiffs' negligence was a proximate cause of the loss of the purse and its contents was granted, and judgment was entered by the trial court for plaintiffs in the amount of $11,252.00 plus interest and costs. Shamrock Hilton Hotel and Hilton Hotels Corporation have perfected this appeal.

■ We find after a full review of the record that there is sufficient evidence to warrant the submission of appellees' issues complained of and to support the jury findings on the special issues to the effect that the misdelivery was negligence and a proximate cause of the loss to appellees. Article 4592, Vernon's Tex.Rev.Civ.Stat. Ann. (1960), does not apply to limit the hotel's liability to $50.00 since its proviso declares that the loss must not occur through the negligence of the hotel, and such limiting statute is not applicable under the circumstances of this case.

■ Contrary to appellants' contention, we find that there was indeed a constructive bailment of the purse. The delivery and acceptance were evidenced in the acts of Mrs. Caranas' unintentionally leaving her purse behind in the hotel restaurant and the bus boy, a hotel employee, picking it up and taking it to the cashier who accepted the purse as a lost or misplaced item. The delivery need not be a knowingly intended act on the part of Mrs. Caranas if it is apparent that were she, the quasi or constructive bailor, aware of the circumstances (here the chattel's being misplaced) she would have desired the person finding the article to have kept it safely for its subsequent return to her. See 8 Am.Jur.2d Bailments Sec. 53, p. 959 (1963); and 8 C.J.S. Bailments § 15, pp. 360–362 (1962).

■ As stated above, the evidence conclusively showed facts from which there was established a bailment with the Caranases as bailors and the hotel as bailee. The evidence also showed that the hotel, as bailee, had received Mrs. Caranas' purse and had not returned it on demand. Such evidence raised a presumption that the hotel had failed to exercise ordinary care in protecting the appellees' property. When the hotel failed to come forward with any evidence to the effect that it had exercised ordinary care, that the property had been stolen, or that the property had been lost, damaged or destroyed by fire or by an act of God, the appellees' proof ripened into proof by which the hotel's primary liability was established as a matter of law. Trammell v. Whitlock, 150 Tex. 500, 242 S.W.2d 157 (1951); Baird v. Williams, 56 S.W.2d 893 (Tex.Civ.App.-Dallas 1933, no writ).

■ In view of the fact that appellees established the primary liability of the hotel, as a matter of law, the trial court's admission of the testimony as to the declara-

tion made to Mr. Caranas by Mrs. Luster (the latter being deceased at the time of trial) over the objections that such evidence was hearsay became immaterial. In Duncan v. Smith, 393 S.W.2d 798, 803 (Tex.Sup.1965), the Court quotes from C.J.S. wherein it lists the elements necessary to make an out-of-court statement admissible under this exception to the hearsay rule, as follows:

"31A C.J.S., supra, at p. 606, footnote 11, summarizes these factors as:

'(1) Declarations made by a deceased person as to facts presumably within his knowledge, if relevant to the matter of inquiry, are admissible in testimony as between third parties: First, when it appears that declarant is dead; second, that the declaration was against his pecuniary interest; third, that it was a fact with respect to a matter of which he was personally cognizant; fourth, that declarant had no possible motive to falsify the fact declared.'"

Mrs. Luster's statement failed to meet this test of admissibility in two respects. First, it was not a statement against her pecuniary interest. She too was a bailee of the purse. As shown by authorities above cited the facts establishing her civil liability for the loss of the purse, her receipt of it as bailee and her failure to return it, were already established. Her statement was not as to a fact needed to inflict a pecuniary loss upon her. Perhaps it is unrealistic to assume that Mrs. Luster, untrained in the law, would know that her statement would not supply evidence needed to establish her civil liability. On the other hand, it is just as unrealistic to assume that she would believe that the statement would furnish evidence that did establish such liability. The theory on the basis of which a declaration against interest is admitted in evidence as an exception to the hearsay rule is that it can be reasoned that one would not make a false statement knowing that it was against his pecuniary interest. 2 C. McCormick &

R.Ray, Texas Evidence, sec. 1002 (2d ed. 1956).

The second respect in which Mrs. Luster's statement failed to meet the test as to admissibility is in the fact that the declarant had a possible motive to falsify the fact declared. The statement was made at the police station where a criminal investigation of the loss was being conducted. Mrs. Luster was the last person known to the police, the Caranases and the hotel to have had possession of the purse. It was incumbent upon her to explain her disposition of the purse in such a manner as to eliminate any possibility that she was criminally responsible for its loss. The statement she made was calculated to accomplish that purpose. In that respect it was a self-serving declaration and not admissible as evidence against the hotel.

The question of admissibility of evidence is one of law upon which the trial judge must pass. There are some situations wherein some of the surrounding facts indicate admissibility and others inadmissibility and in which the trial judge has discretion to admit or exclude. 1 C. McCormick & R.Ray, Texas Law of Evidence sec. 2 (2d ed. 1956). In the instance here under consideration, however, Mrs. Luster's statement did not to any degree effect her pecuniary liability under the then established facts, it was not a statement as to which it could reasonably be assumed that Mrs. Luster believed that it would impose civil liability on her, and it was a statement which was calculated to serve Mrs. Luster's own purpose in allaying any suspicion of her criminal liability. But the admission of such testimony was harmless error under the circumstances.

Further, this bailment was one for the mutual benefit of both parties. Appellees were paying guests in the hotel and in its dining room. Appellant hotel's practice of keeping patrons' lost personal items until they could be returned to their rightful owners, as reflected in the testimony, is certainly evidence of its being incidental to

its business, as we would think it would be for almost any commercial enterprise which caters to the general public. Though no direct charge is made for this service there is indirect benefit to be had in the continued patronage of the hotel by customers who have lost chattels and who have been able to claim them from the management.

■ Having found this to have been a bailment for the mutual benefit of the parties, we hold that the appellants owed the appellees the duty of reasonable care in the return of the purse and jewelry, and the hotel is therefore liable for its ordinary negligence. Citizens' Nat. Bank v. Ratcliff & Lanier, 253 S.W. 253 (Tex.Comm'n App.1923).

■ Appellants urge that if a bailment is found it existed only as to "the purse and the usual petty cash or credit cards found therein" and not to the jewelry of which the hotel had no actual notice. This exact question so far as we can determine has never been squarely put before the Texas Courts, but as appellants concede, the general rule in other jurisdictions is that a bailee is liable not only for lost property of which he has actual knowledge but also the property he could reasonably expect to find contained within the bailed property. See and compare Note, Bailment—Articles Left in Automobiles, 10 Baylor L.Rev. 216, 217–218 (1958). To the extent that appellants contend that Barnette v. Casey, 124 W.Va. 143, 19 S.E.2d 621 (W.Va.1942), Samples v. Geary, 292 S.W. 1066 (Kansas City Ct.App.1927) and Wendt v. Sley System Garages, Inc., 124 Pa.Super. 224, 188 A. 624 (1936) are dispositive of this question, we decline to follow them.

We believe appellants' contention raises the question of whether or not it was foreseeable that such jewelry might be found in a woman's purse in a restaurant of a hotel such as the Shamrock Hilton under these circumstances.

Although the burden may rest with the appellees to prove that the jewelry was a part of the total bailment and the issue of whether it was reasonably foreseeable that such jewelry might be contained within the lost purse ordinarily should have been submitted by appellees, it remains for the hotel to object to the omission of the issue if it wishes to avoid the possibility of deemed findings by the Court. Rule 279, Texas Rules of Civil Procedure. We cannot say as a matter of law that there is no evidence upon which a jury could reasonably find that it was foreseeable that such jewelry might be found in a purse under such circumstances as here presented. It is known that people who are guests in hotels such as the Shamrock Hilton, a well-known Houston hotel, not infrequently bring such expensive jewelry with them, and it does not impress us as unreasonable under the circumstances that one person might have her jewelry in her purse either awaiting a present occasion to wear it or following reclaiming it from the hotel safe in anticipation of leaving the hotel.

We find that the question of whether it is reasonably foreseeable that a woman, under the circumstances of this case, might keep jewelry in a purse which is determinative of whether there was a bailment of jewelry and whether the negligence in losing the purse was a proximate cause of losing the jewelry, is an omitted issue in the grounds of recovery to which the submitted issues are reasonably or necessarily referable. Appellants were on notice that recovery was sought primarily for the value of the jewelry and that the only ground for recovery was the hotel's negligence with respect to the bailment, purse and contents. This is reflected in appellants' second amended original answer where they allege that there was no bailment as to the jewelry within the purse.

■ The record reflects no timely objection to the issues submitted or to the omitting of a special issue, and therefore in support of the judgment and in accord with Tex.R.Civ.P. 279, we deem it to ·be

found that one might reasonably expect to find valuable jewelry within a purse under the circumstances of this case in support of the judgment below. It follows that the findings of negligence and proximate cause of the loss of the purse apply to the jewelry as well, which is deemed to be a part of the bailment. There was no error in the judgment insofar as it was complained that there was no bailment of the jewelry and that there was no connection between the findings of negligence and proximate cause as regards the purse and the jewelry.

Appellant's final point of error complains of the trial court's granting of appellees' motion for judgment notwithstanding the verdict and disregarding the jury's findings on special issues that appellees' leaving the purse was negligence and a proximate cause of the loss of the jewelry. In support of this contention appellants cite Southwestern Hotel Co. v. Rogers, 183 S.W.2d 751 (Tex.Civ.App.—El Paso 1944), aff'd 143 Tex. 343, 184 S.W.2d 835 (1945) and Driskill Hotel Co. v. Anderson, 19 S. W.2d 216 (Tex.Civ.App.—Austin 1929, no writ), for the proposition that contributory negligence of a guest of a hotel is an absolute defense to a claim for jewelry or money lost in the hotel. Both cases, however, are distinguishable on the facts in that here the loss occurred *after* appellees had relinquished possession of the purse and its contents, and the hotel alone had assumed responsibility for the items. The case of Motsenbocker v. Wyatt, 369 S.W. 2d 319 (Tex.Sup.1963) is similarly distinguishable. There the mother of the injured child, Mrs. Wyatt, allowed her daughter to go outside to play. The child disobeyed her mother by going to the park where the defendant, Mr. Motsenbocker, found her. The defendant tried to take the child to her home. She was injured when Motsenbocker's vehicle accidentally ran over the child. The Supreme Court held it to be error for the court of civil appeals to find contrary to jury findings that as a matter of law there was no evidence of plaintiff's negligence and that such was

a proximate cause of the child's injuries. The theory of "new and independent cause" was not here submitted or defined by the trial court. In any event the Motsenbocker case is distinguishable for the reasons similar to those set out above, i.e., that the parent did not give up the control of and the responsibility for supervising the child, nor was there any arrangement for the parties' mutual benefit involved.

We find Vollmer v. Stoneleigh-Maple Terrace, 226 S.W.2d 926 (Tex.Civ.App.— Dallas 1950, writ ref'd), cited by appellees, to be in point. There the plaintiff was a guest in the Stoneleigh Hotel and paid monthly to park his automobile in the hotel's adjacent garage. On the evening in question he drove his car to the hotel entrance and turned it over to an employee of the defendant who parked it in its usual spot. While the employee was parking another car, he heard the noise of the starting motor and arrived just in time to see plaintiff's car being driven away. The jury found that the defendant was guilty of several acts of negligence, each of which was a proximate cause of the loss of the vehicle. It also found that the plaintiff, Vollmer, was negligent in accepting the garage facilities as furnished by the defendant; in failing to keep a proper lookout for his own automobile; in failing to remove the keys from the automobile; and in failing to see that there was a sufficient number of attendants to guard his automobile. Each of these acts was found to be a proximate cause. The Court of Civil Appeals reversed the judgment of the trial court in favor of defendant and rendered judgment for plaintiff, holding that the plaintiff's contributory negligence was not a proximate cause as a matter of law. The Court stated:

"As appellant (plaintiff) aptly points out, while the car was in the possession of defendant the duty of care as between the parties rested solely upon it, plaintiff being relieved of further duties in connection with a proper lookout, safe-

guarding of keys, etc." 226 S.W.2d at 928.

 The bus boy and cashier assumed possession and control of the purse per instructions of the hotel with respect to articles misplaced or lost by customers. This assumption of possession was as complete as that of defendant's employee in Vollmer v. Stoneleigh-Maple Terrace, supra. In each instance, once the bailee assumed possession he alone had the duty to safeguard the bailed article. We find therefore under these facts that the negligence of Mrs. Caranas was not a cause " . . . which in a natural and continuous sequence produces an event . . ." of this nature.

 The trial court's action in disregarding special issue number eight pertaining to proximate cause is therefore authorized and is proper under the circumstances. See Phoenix Refining Co. v. Tips, 125 Tex. 69, 72, 81 S.W.2d 60, 61 (1935); Bell v. Campbell, 434 S.W.2d 117 (Tex.Sup.1968); Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162, 164 (1896). The active cause which produced the loss was wholly independent of the negligence of Mrs. Caranas, and the hotel's primary duty of ordinary care to its paying guest was clear.

The judgment of the trial court is affirmed.

SAM D. JOHNSON (dissenting).

If, as found by the majority, the evidence conclusively showed facts from which there was established a bailment, it is well to examine the relationship of the parties. Mrs. Caranas is characterized as a quasi or constructive bailor. The bailment is characterized as a mutual benefit and as a constructive bailment. If a bailment was created it was certainly unintentional. Mrs. Caranas had no intention of creating a bailment. The hotel had no such intention. Neither, in fact, for a considerable period of time knew of its existence.

This, for two reasons forming the basis of this dissent, is at least true of the jewelry allegedly contained in the purse. First, it seems to be conceded that the hotel had no actual notice of the existence of the jewelry in the purse and there is no authority in this state for the proposition that a bailee is liable for property he could reasonably expect to find contained in the bailed property. Secondly, even if the foregoing were true it does not occur to this writer that it is reasonable to expect a purse, inadvertently left under a chair in a hotel's restaurant and not even missed by the owner until the next day, might contain ten pieces of jewelry valued at $13,062.00.

This dissent is therefore most respectfully submitted.